JDN

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Stallings, | No. CV-21-01328-PHX-JAT (JZB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Unknown Party, et al., | |
| Defendants. | |

Plaintiff Andre Stallings brought this civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) Correctional Officers Keila Villalonzo, Lamar Jiles, and Juan Cuevas. (Doc. 13.) Before the Court is Defendants' Motion for Summary Judgment, to which Plaintiff did not respond. (Doc. 57.) The Court will dismiss the action due to Plaintiff's failure to comply with Court orders and failure to prosecute, and Defendants' Motion will be denied as moot.

**I.    Background**

Plaintiff's claims arose during his confinement in the Arizona State Prison Complex-Eyman, in Florence, Arizona. (Doc. 13 at 1.) He initiated this action in July 2021 and filed his First Amended Complaint in October 2021. (Docs. 1, 13.) Plaintiff, who is Muslim and wore a beard as part of his spiritual practice, alleged that Defendant Cuevas, without any valid reason, forcibly shaved off Plaintiff's beard, cut Plaintiff's face several times, and slammed Plaintiff's head against a wall. (Docs. 13, 48.) Plaintiff alleged that Defendants Villalonzo and Jiles watched Defendant Cuevas' actions and failed to

intervene.  (Doc. 13.)  The Court determined that Plaintiff sufficiently stated a First Amendment free exercise claim, an Eighth Amendment excessive force claim, and a Fourteenth Amendment due process claim against Defendants.  (Doc. 12.)

On August 3, 2022, the Court received Plaintiff's Notice of Change of Address, which indicated that he was released from ADCRR custody.  (Doc. 50.)  On August 26, 2022, Plaintiff filed a second Notice of Change of Address to a new address in Phoenix, Arizona.  (Doc. 52.)

On October 25, 2022, Defendants Villalonzo and Jiles filed their Motion for Summary Judgment.  (Doc. 57.)  On October 27, 2022, the Court issued an Order with the Notice required under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), which informed Plaintiff of his obligation to respond to the Motion and the requirements under Federal Rule of Civil Procedure 56.  (Doc. 59.)  Plaintiff did not file a response to Defendants' Motion.

In November 2022, the Court directed Defendants Villalonzo and Jiles to provide the current address of Defendant Cuevas, which they did, and service was executed on Defendant Cuevas on December 8, 2022.  (Docs. 60–63.)

On May 8, 2023, the Court issued a Scheduling Order setting deadlines as to the newly added Defendant.  (Doc. 65.)  This Scheduling Order was returned in the mail as not deliverable and unable to forward.  (Doc. 67.)  To date, Plaintiff has not notified the Court of his current address.

**II.   Discussion**

A district court has the authority to dismiss an action due to a plaintiff's failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).  In the Notice of Assignment and in the first Screening Order, the Court

warned Plaintiff that failure to file a Notice of Change of Address could result in his case being dismissed.  (Doc. 5 at 2; Doc. 7 at 5.)

In addition, a district court may dismiss an action for failure to comply with a local rule.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Local Rule of Civil Procedure 83.3(d) requires an unrepresented party to timely file a notice of change of address.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see* LRCiv 83.3(d).  A party's failure to keep the Court informed of his or her address constitutes a failure to prosecute.

In determining whether Plaintiff's failure to comply with court orders or failure to comply with a local rule warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first two factors favor dismissal.  "[T]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiff has ostensibly lost interest in prosecuting this action.  He did not respond to Defendants' pending Motion for Summary Judgment.  Plaintiff's last filing was his August 26, 2022 Notice of Change of Address—more than nine months ago.  (Doc. 52.)  Mail sent to Plaintiff is now being returned.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding.

The third factor weighs in favor of dismissal.  "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant . . . ."  *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (internal quotation omitted).

Public policy favors disposition of cases on their merits, so the fourth factor weighs

against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

The fifth factor requires the Court to consider whether a less drastic alternative is available. But the Court need not exhaust every sanction short of dismissal before finally dismissing a case. *See Henderson*, 779 F.2d at 1424. Moreover, without Plaintiff's current address, certain alternatives are bound to be futile. *See Carey*, 856 F.2d at 1441. The Court therefore finds that the only less drastic sanction available is dismissal without prejudice. *See* Fed. R. Civ. P. 41(b) (unless otherwise ordered, dismissal under Rule 41(b) operates as an adjudication on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute").

In sum, the five-factor analysis weighs in favor of dismissal. Due to Plaintiff's failure to comply with Court Orders and failure to prosecute this action, the Court will dismiss the First Amended Complaint without prejudice. Defendants' pending Motion will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion for Summary Judgment (Doc. 57.)

(2) Plaintiff's First Amended Complaint (Doc. 13) and this action are **dismissed** without prejudice under Federal Rule of Civil Procedure 41(b).

(3) Defendants' Motion for Summary Judgment (Doc. 57) is **denied as moot**.

(4) The Clerk of Court must enter judgment of dismissal accordingly and terminate the action.

Dated this 25th day of May, 2023.

James A. Teilborg
Senior United States District Judge